John L. LEWIS, Henry G. Schmidt and Josephine Roche, as Trustees of the United Mine Workers of America Welfare and Retirement Fund of 1950, Plaintiffs,

v.

PREMIUM DARBY COAL CORPORA-TION, a corporation, Defendant.

Civ. A. No. 624.

United States District Court
W. D. Virginia,
at Abingdon.

Nov. 5, 1960.

Joseph N. Cridlin,* Jonesville, Va., Val J. Mitch and Harold H. Bacon, Washington, D. C., for plaintiff.

Fred B. Greear and Robert T. Winston, Norton, Va., for defendant.

DALTON, Chief Judge.

This case is one which presents substantially the same issues as that of the case of Lewis et al. v. Lowry, D.C., 190 F.Supp. 490, considered along with this case and decided the same date, and the opinion in the Lowry case may be read in connection with this decision.

---

* Joseph N. Cridlin, Jonesville, Va., withdrawn as counsel for plaintiff on Jan.

12, 1961, and Clyde Y. Cridlin, Jonesville, Va., entered as counsel in lieu thereof.

Premium Darby Coal Corporation, like the Lowry Coal Company, had entered into an agreement with the plaintiffs, as Trustees of the Fund, which provided for a payment into the Fund of 40¢ per ton on each ton produced for use or for sale. The plaintiffs brought an action on this agreement, the National Bituminous Coal Wage Agreement of 1950 as amended October 1, 1956, alleging that in the period between October 1, 1956, when the agreement was executed, and November 18, 1957, the defendant produced a sufficient quantity of coal that there is now due and owing the Fund the sum of $11,790.68.

The defendant, in his answer, raised the same two defenses to the complaint as the defendant Lowry had raised, namely:

1. That the contract upon which the suit is based was signed under duress and is void.

2. That the parties did not intend the agreement to be binding as to the 40¢ per ton requirement, but that the coal company was to pay only what it could; that the contract was a "sham" and not to be effective.

In addition to these affirmative defenses, the defendant further alleged that the United Mine Workers of America called a strike of the defendant's employees in violation of the contract upon this suit is brought and as a result the defendant was damaged and should be allowed to set off these damages against any alleged amount due the plaintiffs.

The defendant filed a cross-claim to this effect, alleging damages in the amount of $50,000 by being forced to close down operations because of the strike. This cross-claim has been dismissed without prejudice by an order entered May 20, 1960.

The matter is now before the Court on plaintiffs' motion for summary judgment in the amount of $11,790.68, plus interest and costs on the grounds that the pleadings, the answers to interrogatories, and the affidavits and exhibits show that there is no genuine issue as to any material fact.

With the dismissal of the cross-claim, this action presents substantially the same issues as were presented and ruled upon by this Court in the Lowry decision.

■ There is no allegation or evidence of any actual or implied threats by the agents of the United Mine Workers which coerced the defendant to enter into the agreement. As in Lowry, there is only the history of violence associated with the area in which the defendant was operating, in this instance, Pennington Gap, Virginia. For the same reasons as set forth in the Lowry decision, the Court concludes that no duress existed which would void the agreement.

■ The same is true as to the contention that the parties considered the contract as a "sham" and did not intend the agreement to be operative. For the same reasons as stated in the Lowry decision, the Court is of the opinion that the defendant entered into a solemn and binding written agreement, and by acts subsequent to the signing of the agreement ratified the specific provisions of the contract providing for a payment of 40¢ per ton of coal produced. Darby, like Lowry, by subsequent acts led the workers and their union to believe that a valid contract existed.

The Court, having examined all the facts, is of the opinion that there is no material fact upon which reasonable minds could differ or from which varying inferences could be drawn. Therefore, for the reasons heretofore stated, the plaintiff's motion for summary judgment is granted, and an order will be entered granting judgment in favor of plaintiffs against defendant for the sum of $11,790.68, plus interest from date of judgment and costs.

A copy of this opinion is being forwarded to counsel of record.